## EXCESSIVE DAMAGES FOR INJURIES TO A DRIVER.

Circuit Court of Hamilton County.

THE INTERURBAN RAILWAY & TERMINAL COMPANY v. JOHN BIERMAN.

Decided, February 5, 1910.

*Damages for Personal Injuries—Judgment for $3,500 Excessive, When —Presumption as to Effect of Improper Remarks by Counsel— Verdicts Must be Clearly Based on the Evidence and the Law.*

Damages in the sum of $3,500 for injuries to a driver are excessive, where it appears that he returned to work at the end of six weeks and was steadily employed thereafter; and the fact that in such a case counsel for the plaintiff during the argument to the jury indulged in improper remarks will be accepted as explaining the excessive verdict returned, notwithstanding the caution which was uttered by the trial judge with the direction to the jury not to be influenced by such remarks but to decide the case from the law and the evidence.

*Frank F. Dinsmore,* for plaintiff in error.
*Theodore Horstman,* contra.

The plaintiff was thrown from his seat on a wagon to the street in a collision with an interurban car. He complained of severe injury to his spine and nervous shock. The jury gave his $4,-500, but the trial judge reduced the verdict to $3,500.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

The court has carefully read the record in the above case and has had it under consideration for some time. While we think a verdict if properly rendered for defendant in error might not be against the weight of the evidence, yet we are of the opinion that the amount of the judgment to which the trial court reduced the original verdict is far in excess of what the defendant in error was entitled.

The evidence discloses that the defendant in error after being thrown out of employment for about six weeks on account of his injuries, returned to work, and practically had steady employment thereafter, earning as high as $1.75 a day.

It is hard to understand how a jury could return the verdict it did, unless it was influenced by something extrinsic of the evidence.

In this regard the record discloses what took place before the jury in argument, and sets forth certain statements made therein by counsel for defendant in error. While the trial court cautioned counsel, and told the jury to be influenced only by the evidence and not by any personal reference to counsel for the plaintiff in error, yet the statements had been heard by the jury, and we do not think their effect was removed. In such cases the jury is apt to try and determine the case as made by statements of attorneys rather than to determine it upon the evidence and the law. If justice is to be done in the trial of any case it should be upon the latter two elements; all other things should be eliminated, otherwise a fair conclusion can not be reached.

It seems unnecessary to say anything further upon this matter, as, taken in connection with the amount of the judgment, we think its effect was harmful.

We find no error in the charge of the court, and would not attempt to say under the evidence in this case what the amount

of the verdict should be, except that the present judgment is excessive. We believe that the case for the above reasons should be reversed and again submitted to a jury.

Judgment reversed.